MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-mail: honolululawyer@outlook.com

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolululaw808@gmail.com

Attorneys for Plaintiff
Beryl Carroll

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERYL CARROLL, | CIVIL NO. _____ |
| Plaintiff, | COMPLAINT; JURY DEMAND; SUMMONS |
| vs. | |
| HAWAIIAN AIRLINES, INC., | |
| Defendant. | |

## COMPLAINT

COMES NOW, Plaintiff BERYL CARROLL, by and through her attorneys

Michael P. Healy and Charles H. Brower, and for causes of action against Defendant,

alleges and avers as follows:

## NATURE OF CASE

1. Plaintiff BERYL CARROLL (hereinafter "CARROLL") was at all times mentioned herein a resident of Honolulu and a citizen of the State of Hawaii.

2. Defendant HAWAIIAN AIRLINES, INC., (hereinafter "HAWAIIAN"), is a foreign profit corporation incorporated in the State of Delaware with a principal place of business in the State of Hawaii.

3. Plaintiff was hired by Defendant HAWAIIAN in 1986, initially as a part-time agent in reservations, and has since held many positions with Defendant, the last position with Defendant being an inventory agent.

4. Beginning of February 6, 2015, and continuing to the present time, Plaintiff has been subjected to discrimination due to her disability involving restricted vision, and other disabilities of which Defendant HAWAIIAN was aware. Plaintiff had requested reasonable accommodations which were not given.

## JURISDICTION

5. The jurisdiction of this Court is pursuant to The Americans With Disability Act of 1990 and the Age Discrimination in Employment Act of 1967 (ADEA).

6. The administrative prerequisites for filing this cause of action have been fulfilled. A right-to-sue letter was issued by the Equal Employment Opportunity Commission ("EEOC") on March 30, 2018, and received by Plaintiff on March 31,

2018. Plaintiff had commenced a discrimination complaint with the EEOC on December 1, 2015.

STATEMENT OF FACTS

7. Plaintiff was hired by Defendant HAWAIIAN in 1986, initially as a part-time agent in reservations, and has since held many positions with Defendant, the last position with Defendant being an inventory agent.

8. Plaintiff was diagnosed with restricted peripheral vision. In 2013, Plaintiff informed her supervisor that due to her vision problems, she needed a magnifier to perform work, which was provided.

9. On December 1, 2013, Plaintiff fell down a flight of stairs and suffered a head injury with short term memory loss, migraine headaches, vertigo, and dizziness. Plaintiff informed her supervisor about these symptoms.

10. On October 8, 2014, Plaintiff's treating physician, Dr. Jon Ishihara completed a medical provider portion of Respondent's reasonable accommodation form identifying Plaintiff's disabilities which affected her work performance.

11. On December 4, 2014, Plaintiff informed her supervisor, Lehua Torres (hereinafter "TORRES") that she had vision problems and symptoms relating to one of her disabilities that affected her work activities.

12. Since February 6, 2015, Plaintiff has been subjected to discrimination based on her disability, for which Defendant HAWAIIAN is aware. Plaintiff requested a

3

reasonable accommodation of a special computer screen to assist in her computer work due to her vision problems, which was denied. With this accommodation Plaintiff could have continued her work as an inventory agent.

13. On February 6, 2015, TORRES informed Plaintiff that she should transfer to the Honolulu Station as a customer service agent.

14. On February 6, 2015, Plaintiff was encouraged to seek a transfer from her inventory position to a Honolulu Station customer service agent rather than be provided with the reasonable accommodation requested of a special computer screen because of Plaintiff's vision problems so she could perform her duties as an inventory agent.

15. On February 6, 2015, Plaintiff was discriminated against because of her disability for which Defendant HAWAIIAN offered no accommodation after Plaintiff informed TORRES of her disability on December 4, 2014, and the accommodations she needed.

16. On March 4, 2015, Plaintiff was subjected to testing relating to the Honolulu customer service agent position and was informed that she had to pass the tests to be a Honolulu customer service agent. Plaintiff was promised an accommodation to have someone assist her with the testing due to her vision problems and difficulty reading. The accommodation was not provided.

17. On March 17, 2015, Plaintiff complained to Airport Customer Services and Cargo Training/Senior Manager Kimberly Aberillo (hereinafter "ABERILLO") that she had difficulty passing the tests due to her disabilities regarding vision loss and short-term memory loss, and had not been allowed a reasonable accommodation requested.

18. Defendant HAWAIIAN took no action relating to Plaintiff's complaint to ABERILLO by providing a reasonable accommodation.

19. On May 15, 2015, Plaintiff was subjected to another test related to the Honolulu customer service agent position, without the promised assistance.

20. Defendant HAWAIIAN has not taken any action after December 5, 2014, to address Plaintiff's complaint related to her disability, and lack of accommodation.

21. Since February 6, 2015, and thereafter, Defendant HAWAIIAN has retaliated against Plaintiff for seeking a reasonable accommodation for her position as inventory agent.

22. Since Plaintiff's treating physician submitted the reasonable accommodation form in December 2014, Plaintiff has been harassed and intimidated by Defendant HAWAIIAN, and has been out of work on unpaid leave since February 2015, because she needed reasonable accommodation to continue to perform her job duties.

23.  Plaintiff was fully capable of performing her job duties if she had been provided with a reasonable accommodation for her disability as she had requested.

## STATEMENT OF CLAIMS

## COUNT I

## DISABILITY DISCRIMINATION

24.  Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

25.  The Americans With Disabilities Act of 1990, prohibits discrimination due to a disability, and requires that Employers provide reasonable accommodations.

26.  The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990.

27.  Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

28.  As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

29.  As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

COUNT II

RETALIATION

30.  Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

31.  The actions of Defendant's agents and employees in terminating Plaintiff or otherwise discriminating against her because she opposed the discrimination alleged herein were in violation of law, for which Plaintiff is entitled to an award of damages to be proven at trial.

32.  The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

7

## COUNT III

## HOSTILE WORK ENVIRONMENT

33. Plaintiff repeats and realleges all prior allegations as if set further fully herein.

34. Plaintiff alleges that the acts alleged herein created a hostile work environment based upon discrimination for which she is entitled to an award of all damages to which she is entitled in an amount to be proven at trial.

## COUNT IV

## WHISTLEBLOWER'S PROTECTION ACT

35. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

36. The discrimination and termination alleged was in violation of H.R.S. § 378-62 due to Plaintiff's report of discrimination for which Plaintiff is entitled to an award of damages to be proven at trial.

37. The actions of Defendants and their employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A.    For all damages to which Plaintiff is entitled, including general

damages and other damages to be proven at trial; and

B.    For special damages, including back pay, front pay and other

expenses; and

C.    For punitive damages; and

D.    For attorney's fees, costs, and interest, including prejudgment

interest; and

E.    For such other and further relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional

limits of this Court.

DATED:  Honolulu, Hawaii, June 29, 2018.


    /s/ Charles H. Brower
MICHAEL P. HEALY
CHARLES H. BROWER
Attorneys for Plaintiff
Beryl Carroll